IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| RONALD SELF, et al., on behalf of themselves and all others similarly situated | § § § | |
| V. | § | CIVIL ACTION NO. G-11-070 |
| MERITAGE HOMES CORPORATION and MERITAGE HOMES OF TEXAS, LLC | § § § § | |

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion for FLSA Conditional Certification and to Facilitate Notice Pursuant to 29 U.S.C. § 216(b). Having considered the Motion, the Parties submissions and the applicable law, the Court now issues this Opinion and Order.

The proper foundation for the Court's decision can be best demonstrated through a time line. On February 8, 2011, Richard Self, filed this case under the Fair Labor Standards Act (FLSA) as a collective action on behalf of himself and all other current and former similarly situated Construction Managers employed by Defendants, Meritage Homes Corporation and Meritage Homes of Texas, LLC (Meritage), "who in the last three years preceding the filing of this suit" were not paid overtime compensation. Meritage answered on March 2, 2011. Six other Plaintiffs joined the suit, the last to do so filed his consent on May 16, 2011. On April 18, 2011, this Court issued a Docket Control Order setting, *inter alia*, a discovery deadline of March 16, 2012.[1] From that day forward, nothing of substance occurred in the file until March 19, 2012,

---

[1] In response to Question 13 of the Joint Discovery/Case Management Plan filed by the Parties on April 15, 2012, they state they could more readily determine a discovery deadline "after the Court rules on Plaintiffs' Motion for Notice and Conditional Certification."

when, three days after the discovery deadline had passed, Meritage filed an "Unopposed Motion for Continuance of Trial Setting and Pretrial and Discovery Deadlines" because "a substantial amount of discovery still remains, including depositions of Plaintiffs and other fact witnesses, as well as expert discovery." The Motion prompted a telephone conference wherein the Court learned that no agreement had been made for conditional certification and that Meritage opposed it. The Court, therefore, ordered Plaintiffs to prompty file the instant Motion. The Motion was filed on May 15, 2012, and the Court ordered briefing. The Motion became ripe with the filing of Plaintiffs' reply on July 11, 2012, which confirmed that only "*Minimal* discovery has occurred in this case." (emphasis in original)  Under these circumstances, the Plaintiffs' Motion will be denied.

      The Court, in the exercise of its discretion in determining whether a class should be certified, finds that the Plaintiffs' Motion to certify is untimely. In Hoffmann-LaRouche, Inc. v. Sperling, 493 U.S. 165, 170-71 (1989), the Supreme Court, while recognizing the benefits of certification to the judicial system observed that "(t)hose benefits, however, depend on employees receiving accurate and *timely* notice concerning the pendency of the collective action." (emphasis added)  By the time Plaintiffs, with the Court's prodding, filed their Motion, this case had been on file for more than fifteen months; only minimal discovery had been completed; and the discovery deadline had expired. Whether the lenient test favored by Plaintiffs or a more stringent one urged by Meritage should guide the Court's decision to certify, at this juncture of the case, seems irrelevant. While the two-year, or maybe three-year limitations clock ticked away, the Plaintiffs postponed any efforts to send notice to other potential Plaintiffs. In this Court's experience certification and the discovery needed to identify potential Plaintiffs is always given

2

a high priority. In the instant case, Plaintiffs made no independent effort to pursue the certification process despite the fact that seven Plaintiffs had joined the purported class. The burden to seek and support certification is with the Plaintiffs. Here, at the very least, Plaintiffs had the information they presently rely upon within their possession and knowledge as early as May 16, 2011, when Robert Jones opted-in as the seventh Plaintiff; nonetheless, the Plaintiffs slept on their right to seek certification for a full year. This Court cannot condone this unwarranted delay. The case should proceed with only the seven current Plaintiffs.

It is, therefore, **ORDERED** that the "Plaintiffs' Motion for FLSA Conditional Certification and to Facilitate Notice Pursuant to 29 U.S.C. § 216(b)" (Instrument no. 25) is **DENIED**.

**DONE** at Galveston, Texas, this     11th     day of July, 2012.

John R. Froeschner
United States Magistrate Judge