

## JACKSON WALKER L.L.P.
ATTORNEYS & COUNSELORS

Marlene C. Williams
(713) 752-4571 (Direct Dial)
(713) 308-4171 (Direct Fax)
mcwilliams@jw.com

July 1, 2013

***Via Email***
Ms. Rhonda H. Wills
WILLS LAW FIRM
1776 Yorktown, Suite 600
Houston, Texas 77056

Mr. John M. Padilla
Mr. Moises Cedillos
PADILLA & RODRIGUEZ, L.L.P.
1776 Yorktown, Suite 110
Houston, Texas 770560

Re: C.A. No. 3:11-cv-00070; *Ronald Self, et al., on behalf of themselves and all others similarly situated v. Meritage Homes Corporation, et al.;* In the United States District Court for the Southern District of Texas, Galveston Division.

Dear Counsel:

In connection with the depositions of Steve Harding and Doug Bainbridge on July 11th and 12th, respectively, they will cover the following topics as corporate representatives for Meritage in the above-referenced matter:

Steve Harding: Topic Nos. 1-8 and 19-24 listed in Plaintiffs' 30(b)(6) Notice; and

Doug Bainbridge: Topic Nos. 9-18 listed in Plaintiffs' 30(b)(6) Notice; all topics in Plaintiffs' Willfulness and Good Faith Notice.

If you have any questions, please do not hesitate to contact us.

Respectfully,

*Marlene C. Williams*

Marlene C. Williams

cc: Hon. John. R. Froeschner (via email: Sheila_R_Anderson@txs.courts.gov)
Shelia R. Anderson (via email: Sheila_R_Anderson@txs.courts.gov)

9370627v.1 138445/00004

**EXHIBIT 18**

1401 McKinney, Suite 1900 • Houston, Texas 77010 • (713) 752-4200 • fax (713) 752-4221

www.jw.com • Austin • Dallas • Fort Worth • Houston • San Angelo • San Antonio • Texarkana • Member of GLOBALAW™

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RONALD SELF, ET AL., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br>     PLAINTIFFS, <br><br> V. <br><br> MERITAGE HOMES CORPORATION, ET AL., <br><br>     DEFENDANTS. | § § § § § § § § § § § | Civil Action No. 3:10-cv-00070 <br><br><br> Collective Action <br> (Jury Demanded) |

### NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE 30(b)(6)

PLEASE TAKE NOTICE, that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their counsel, will take the deposition of the designated corporate representative or representatives of Defendants Meritage Homes Corporation and Meritage Homes of Texas, LLC ("Meritage" or "Defendants") on **a mutually convenient date and time within the discovery period** and continuing from day to day until completed. This deposition will be conducted at either the corporate headquarters of Defendants or at the offices of Scott R. McLaughlin, Jackson Walker, L.L.P., 1401 McKinney, Suite 1900, Houston, Texas 77010. The deposition will cover the matters and topics set forth in this Notice.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Meritage shall designate one or more officers, directors, managing agents or other persons who consent to testify on Meritage's behalf as to matters known or reasonably available to Meritage and shall set forth, for each person so designated, the matters on which the person will testify.

The deposition will be taken for the purposes of discovery, to perpetuate the testimony of the witness(es) designated on the "Topics for Testimony" identified below and for all other

Page 1 of 5



EXHIBIT 1 Bainbridge

purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

This deposition may be videotaped.

**DEFINITIONS**

a. "Person" means the plural as well as the singular and includes any natural person and any firm, corporation, association, partnership, proprietorship, association, governmental body, or other organization or form of legal entity unless the context indicates otherwise.

b. The terms "you," "your," "Defendants," or "Meritage" as used herein shall mean Defendants Meritage Homes Corporation and Meritage Homes of Texas, LLC (one or both them), as well as any affiliates, subsidiaries, employees, associates, servants, agents, contractors, representatives, investigators and all other persons acting or purporting to act on behalf of Meritage including an attorney or other representative.

c. The term "Plaintiffs" as used herein shall mean the Plaintiffs in this matter.

d. The term "minimum wages" shall mean the prevailing federal minimum hourly wage.

e. The term "overtime" shall mean any hours worked during a single work week in excess of 40 hours.

f. The term "overtime compensation" shall mean 1 ½ times the regular rate of pay.

g. The term "FLSA" shall mean the Fair Labor Standards Act.

h. The phrases "matters made the basis of this lawsuit," "incidents in question," "incidents made the basis of this lawsuit," "incidents forming the basis of this lawsuit," or "occurrence in question" as used herein shall mean all claims and causes of action as more specifically set forth in Plaintiffs' complaint, including any amendments thereto.

i. "The workplace" shall mean any place where "your employees" conduct work on your behalf throughout the United States.

j. The terms "CM" and "CMs" refers to the position the same or similar to the position held by Plaintiffs at Meritage known as a construction manager, superintendent, builder, project manager, or a similar title.

**TOPICS FOR TESTIMONY**

1. The job duties, job responsibilities, job description, and job summary of CMs.

2. The work schedules and work hours applicable to CMs, including but not limited to any policies, practices, rules, guidelines or procedures regarding times that CM were required, recommended, or otherwise suffered to work.

3. The hours of operation for Meritage's construction trailers and/or other construction offices in each community in which Plaintiffs worked.

4. The general operations, procedures, equipment, materials and staffing at Meritage's construction trailers and/or construction offices in each community in which Plaintiffs worked.

5. The supervision and oversight of CMs, including but not limited to the supervisory structure of and levels of supervision, electronic surveillance, and the day-to-day supervision of CMs.

6. Defendants' training, whether by person, computer, video, or other means, whether formal or informal, of CMs regarding the performance of CMs' tasks, assignments, job duties, and/or functions.

7. Job evaluations and performance criteria for CMs, including how job performance is measured, how performance reviews are conducted, and what factors are used to evaluate the job performance of a salesperson.

8. Disciplinary procedures and guidelines with respect to CMs, including but not limited to disciplinary actions that may be taken by Meritage with respect to CMs and what circumstances give rise to disciplinary action.

9. Compensation of CMs including but not limited to:

    a. wage rates, commissions, salary rates, bonuses, overtime rates, minimum wages, incentive compensation, and total compensation paid to CMs;
    b. any and all provisions with respect to "draws" paid to CMs;
    c. vacation compensation;
    d. sick leave compensation;
    e. disability compensation;
    f. on-call time compensation; and
    g. deductions from pay.

10. Policies, practices, procedures, forms, methods, rules and guidelines used to track and record time CMs spend/spent working, including but not limited to overtime.

Page 3 of 5

11. All exemptions to the FLSA that Defendants utilize to classify CMs as exempt and all steps Meritage took or has taken to ensure that the CMs fit into those exemptions.

12. When Meritage made the decision to classify CMs as exempt from overtime compensation.

13. Each and every basis for each FLSA exemption that Defendants assert applies to CMs.

14. Any investigations by the Department of Labor of Defendants regarding the compensation paid to a CM and/or the classification of a CM under the FLSA.

15. Any lawsuits and/or claims regarding the compensation paid to a CM and/or the classification of a CM under the FLSA.

16. Any internal audits or human resources audits regarding the FLSA classification of CMs.

17. The reclassification of CMs under the FLSA at any time.

18. Advertisements or job postings for CMs.

19. Defendants' policies, practices, procedures, rules and guidelines for the handling of the tasks, assignments, duties or functions of CMs, including but not limited to:

    a. practices, procedures, policies, rules and guidelines for promoting, marketing, or providing information about new homes and/or home loans;
    b. practices, policies, procedures, rules and guidelines for using scripts, verbatims, detail pieces, and/or any other similar tools or practices;
    c. computer systems, computer programs, and software used by CMs in performing their job duties;
    d. practices, policies, procedures, rules and guidelines for the performance of job duties by CMs; and
    e. written materials, brochures and any other document or materials used by CMs in performing their job duties.

20. The location(s) where CMs perform their job duties and responsibilities.

21. The equipment that CMs utilize in performing their job duties and responsibilities.

22. The warranty work performed by CMs.

23. The inspection work performed by CMs.

24. Any Meritage computer system and/or Meritage software used by CMs to perform their job duties.

Respectfully submitted,

By: /s/ *Rhonda H. Wills*
    Rhonda H. Wills
    ATTORNEY-IN-CHARGE
    State Bar No. 00791943
    S.D. Id. No. 20699
    WILLS LAW FIRM
    1776 Yorktown, Suite 600
    Houston, Texas 77056
    Telephone: (713) 528-4455
    Facsimile: (713) 528-2047

    John M. Padilla
    State Bar No. 00791395
    S.D. Id. No. 19236
    PADILLA & RODRIGUEZ, LLP.
    1776 Yorktown Street, Suite 110
    Houston, Texas 77056
    Telephone: (832) 740-4300
    Facsimile: (832)740-4301

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served on the following counsel of record via electronic mail on **April 15, 2013** to the following:

Scott R. McLaughlin
Chevazz Brown
Marlene C. Williams
Jackson Walker LLP
1401 Louisiana, Suite 1900
Houston, Texas 77010

**ATTORNEYS FOR DEFENDANTS**

                /s/ *Rhonda H Wills*
                Rhonda H. Wills

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RONALD SELF, ET AL., ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br>PLAINTIFFS,<br><br>V.<br><br>MERITAGE HOMES CORPORATION, ET AL.,<br><br>DEFENDANTS. | § § § § § § § § § § § § § | Civil Action No. 3:10-cv-00070<br><br><br>Collective Action<br>(Jury Demanded) |

## NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE 30(b)(6) RELATING TO FLSA "WILLFULNESS" AND "GOOD FAITH" TOPICS

PLEASE TAKE NOTICE, that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their counsel, will take the deposition of the designated corporate representative or representatives of Defendants Meritage Homes Corporation and Meritage Homes of Texas, LLC ("Meritage" or "Defendants") on **a mutually convenient date and time within the discovery period** and continuing from day to day until completed. This deposition will be conducted at either the corporate headquarters of Defendants or at the offices of Scott R. McLaughlin, Jackson Walker, L.L.P., 1401 McKinney, Suite 1900, Houston, Texas 77010. The deposition will cover the matters and topics set forth in this Notice.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Meritage shall designate one or more officers, directors, managing agents or other persons who consent to testify on Meritage's behalf as to matters known or reasonably available to Meritage and shall set forth, for each person so designated, the matters on which the person will testify.

The deposition will be taken for the purposes of discovery, to perpetuate the testimony of the witness(es) designated on the "Topics for Testimony" identified below and for all other

Page 1 of 6

EXHIBIT 2

purposes permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

This deposition may be videotaped.

**DEFINITIONS**

a.  "Person" means the plural as well as the singular and includes any natural person and any firm, corporation, association, partnership, proprietorship, association, governmental body, or other organization or form of legal entity unless the context indicates otherwise.

b.  The terms "you," "your," "Defendants," or "Meritage" as used herein shall mean Defendants Meritage Homes Corporation and Meritage Homes of Texas, LLC (one or both them), as well as any affiliates, subsidiaries, employees, associates, servants, agents, contractors, representatives, investigators and all other persons acting or purporting to act on behalf of Meritage including an attorney or other representative.

c.  The term "Plaintiffs" as used herein shall mean the plaintiffs in this matter.

d.  The term "minimum wages" shall mean the prevailing federal minimum hourly wage.

e.  The term "overtime" shall mean any hours worked during a single work week in excess of 40 hours.

f.  The term "overtime compensation" shall mean 1 ½ times the regular rate of pay.

g.  The term "FLSA" shall mean the Fair Labor Standards Act.

h.  The phrases "matters made the basis of this lawsuit," "incidents in question," "incidents made the basis of this lawsuit," "incidents forming the basis of this lawsuit," or "occurrence in question" as used herein shall mean all claims and causes of action as more specifically set forth in Plaintiffs' complaint, including any amendments thereto.

i.  "The workplace" shall mean any place where "your employees" conduct work on your behalf throughout the United States.

j.  The terms "CM" and "CMs" refers to the position the same or similar to the position held by Plaintiffs at Meritage known as a construction manager, superintendent, builder, project manager, or a similar title.

**TOPICS FOR TESTIMONY**

1. Meritage's deliberation in making its determination that the CM position is considered "exempt" under the FLSA.

2. Meritage's deliberation in making its determination that the CM position has at any time been considered "non-exempt" under the FLSA.

3. All analysis performed by Meritage or its attorneys (both in-house and external) preceding and with respect to its determination that the CM position is/was classified as "exempt" under the FLSA.

4. All analysis performed by Meritage or its attorneys (both in-house and external) with respect to the reclassification of CMs under the FLSA at any time.

5. Meritage's purpose, motive or reason for classifying the CM position as exempt under the FLSA.

6. Meritage's purpose, motive or reason for re-classifying its CMs position under the FLSA at any time.

7. All communications both within Meritage and between Meritage and its attorney(s) (both in-house and external) relating to your determination that the CM position is/was considered "exempt" under the FLSA.

8. All communications both within Meritage and between Meritage and its attorney(s) (both in-house and external) relating to your consideration of the job duties and responsibilities of CMs in making a determination that the CM position would be classified as "exempt" under the FLSA.

9. All communications both within Meritage and between Meritage and the Department of Labor relating to your classification of the CM position under the FLSA.

10. All communications both within Meritage and between Meritage and the Department of Labor regarding any allegation of failure to pay overtime and/or minimum wages to Meritage workers.

11. All communications both within Meritage and between Meritage and its attorney(s) (both in-house and external) relating to any and all FLSA exemptions that you claim are applicable to CMs.

12. All materials and authorities actually relied upon by Meritage in determining that the CM position was properly treated as "exempt", including in connection with any analysis of the job duties and responsibilities of the position, performance of the duties of the position, hours relating thereto and pay practices applicable to that position, as well as the

identification of all persons involved in the foregoing research or evaluation and the date on which such materials were initially reviewed by and relied upon by each person.

13. Any and all complaints (whether expressed in hard copy, electronic form or orally) by Meritage workers (whether deemed employees or independent contractors) with respect to Meritage's determination that the CM position was deemed "exempt" under the FLSA.

14. Identification of all lawsuits and/or claims with the Department of Labor that have been filed by any CM relating to unpaid overtime and/or misclassification under the FLSA.

15. All terms of the settlement and identification of the parties of any lawsuit or claim made against Meritage by any CM alleging failure to pay overtime wages and/or minimum wages.

16. All terms of the settlement and identification of the parties of any lawsuit or claim made against Meritage by any CM alleging misclassification under the FLSA and/or any state wage and hour law.

17. All terms of the settlement and identification of the parties of any lawsuit or claim made against Meritage by any CM challenging the salesperson's classification at "exempt" under the FLSA and/or any state wage and hour law.

18. All evaluations performed and all discussions had (both within Meritage and between Meritage and its attorney(s) whether internal or external) regarding Meritage's decision to settle any lawsuit or claim made against Meritage by any CM alleging failure to pay overtime wages and/or minimum wages.

19. All evaluations performed and all discussions had (both within Meritage and between Meritage and its attorney(s) whether internal or external) regarding any lawsuit or claim made against Meritage by any CM alleging misclassification under the FLSA and/or any state wage and hour law.

20. All evaluations performed and all discussions had (both within Meritage and between Meritage and its attorney(s) whether internal or external) regarding any lawsuit or claim made against Meritage by any CM challenging the salesperson's classification at "exempt" under the FLSA and/or any state wage and hour law.

21. All legal and factual research conducted by Meritage or its attorneys (whether internal or external) in any lawsuit or claim against Meritage by any CM alleging failure to pay overtime wages and/or minimum wages.

22. All legal and factual research conducted by Meritage or its attorneys (whether internal or external) in any lawsuit or claim against Meritage by any CM alleging misclassification under the FLSA and/or any state wage and hour law.

23. All legal and factual research conducted by Meritage or its attorneys (whether internal or external) in any lawsuit or claim against Meritage by any CM challenging the salesperson's classification as "exempt" under the FLSA and/or any state wage and hour law.

24. All correspondence between Meritage and its attorneys (whether internal or external), as well as all legal opinions to Meritage from its attorneys (whether internal or external) involving any claim alleging misclassification of a salesperson.

25. All correspondence between Meritage and its attorneys (whether internal or external), as well as all legal opinions to Meritage from its attorneys (whether internal or external) involving any claim alleging failure to pay overtime and/or minimum wages to a salesperson.

26. All correspondence between Meritage and its attorneys (whether internal or external), as well as all legal opinions to Meritage from its attorneys (whether internal or external) involving any claim by a CM alleging wage and hour violations.

27. All correspondence between Meritage and its attorneys (whether internal or external), as well as all legal opinions to Meritage from its attorneys (whether internal or external) relating to any claim by any CM challenging the salesperson's classification as "exempt" under the FLSA.

28. Whether or not wage and hour posters were posted in all Meritage sales offices and what Meritage did to verify that such posters were posted.

29. All FLSA audits, evaluations, surveys, reports or analysis performed by Meritage (whether internally or externally) relating to CMs, including but not limited to the job duties of CMs, the exemptions applicable to CMs, the compensation paid to CMs, the hours worked by CMs, alleged FLSA violations by CMs and/or the FLSA classification of CMs.

Respectfully submitted,

By: /s/ Rhonda H. Wills

Rhonda H. Wills
ATTORNEY-IN-CHARGE
State Bar No. 00791943
S.D. Id. No. 20699
WILLS LAW FIRM
1776 Yorktown, Suite 600
Houston, Texas 77056
Telephone: (713) 528-4455
Facsimile: (713) 528-2047

John M. Padilla
State Bar No. 00791395
S.D. Id. No. 19236
PADILLA & RODRIGUEZ, LLP.
1776 Yorktown Street, Suite 110
Houston, Texas 77056
Telephone: (832) 740-4300
Facsimile: (832)740-4301

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served on the following counsel of record via electronic mail on **April 15, 2013** to the following:

Scott R. McLaughlin
Chevazz Brown
Marlene C. Williams
Jackson Walker LLP
1401 Louisiana, Suite 1900
Houston, Texas 77010

**ATTORNEYS FOR DEFENDANTS**

*/s/ Rhonda H. Wills*
Rhonda H. Wills