IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RONALD SELF, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-11-0070 |
| | § | |
| MERITAGE HOMES | § | |
| CORPORATION, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court in connection with the Bill of Costs [Doc. # 104]

filed by Defendants Meritage Homes Corporation and Meritage Homes of Texas, LLC

(collectively, "Meritage"), to which Plaintiffs filed Objections [Doc. # 105],

Defendants filed a Response to Plaintiffs' Objections [Doc. # 110], and Plaintiffs filed

a Reply [Doc. # 111]. Having reviewed these documents and the exhibits attached

thereto, and having applied relevant legal authorities, the Court taxes costs against

Plaintiffs in the amount of **$28,555.07**.

## I.     BACKGROUND

Plaintiff Ronald Self filed this Fair Labor Standards Act ("FLSA") lawsuit in

February 2011, alleging that he and other construction managers employed by

Meritage were incorrectly classified as exempt and should have been paid overtime.

The other six Plaintiffs later filed Notices of Consent to join this lawsuit.

By Memorandum and Order [Doc. # 102] entered May 23, 2014, the Court

granted summary judgment in favor of Meritage, concluding that the undisputed

evidence in the record supported Meritage's argument that Plaintiffs were within the

administrative exemption under the FLSA.  In the Final Judgment [Doc. # 103] issued

that same day, the Court taxed costs against Plaintiffs pursuant to Rule 54(d) of the

Federal Rules of Civil Procedure.

Defendants filed their Bill of Costs, seeking to recover costs in the amount of

$33,641.11.  Plaintiffs filed timely Objections, challenging $11,256.54 of Defendants'

claimed costs.  The costs issue has been fully briefed and is now ripe for decision.

## II.    TAXABLE COSTS

Rule 54(d) states that "costs – other than attorney's fees -- should be allowed

to the prevailing party" unless a federal statute, rule, or the court directs otherwise.

FED. R. CIV. P. 54(d)(1).  Federal courts may award only those costs itemized in 28

U.S.C. § 1920, absent explicit statutory or contractual authorization to the contrary.

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987); *Gagnon v.*

*United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010); *Mota v. Univ. of*

*Texas Houston Health Sci. Ctr*, 261 F.3d 512, 529 (5th Cir. 2001).  A court may tax

only the following costs: fees of the clerk and marshal; fees of the court reporter for

all or any part of the stenographic transcript necessarily obtained for use in the case;

fees and disbursements for printing and witnesses; fees for exemplification and copies

of papers necessarily obtained for use in the case; docket fees; and compensation of

court-appointed experts, interpreters, and for special interpretation services.  *See* 28

U.S.C. § 1920; *Mota*, 261 F.3d at 530.  The Court is to give "careful scrutiny" to the

items proposed by the prevailing party.  *See Louisiana Power & Light Co. v.*

*Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995); *Serling v. Am. Airlines, Inc.*, 237 F.

App'x 972, 976 (5th Cir. Aug. 3, 2007).

### A.    Transcripts

Defendants seek to recover $25,237.09 for deposition and hearing transcripts.

Plaintiffs do not object to the amount claimed for the deposition transcripts of

Plaintiffs and other witnesses.  This amount is $22,384.57.

Plaintiffs object to $708.00 charged by the court reporter for the late

cancellation of the depositions of Plaintiffs Larry Meredith and Robert David Jones.

Section 1920 does not list cancellation fees as a recoverable cost and, therefore, the

Court declines to award this item.

Plaintiffs object to $1,647.02 charged for overnight processing of the deposition

transcripts of Larry Meredith and Wade Thomas.  "A party may obtain the cost of an

expedited transcript if the court authorizes it in advance or if the special character of the litigation requires expedited processing." *Riddle v. Tex-Fin, Inc.*, 2011 WL 1103033, * 13 (S.D. Tex. Mar. 22, 2011) (citing *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 903 (5th Cir. 2009)). In this case, Defendants did not obtain prior authorization from the Court to order expedited transcripts, and they have failed to demonstrate that such expedited processing was necessary. Although the time between the depositions and the motions deadline was slightly more than one month, Defendants waited more than a week after the Thomas deposition before ordering the transcript.[1] The Court declines to tax costs for the extra expense for expediting these two transcripts.

Plaintiffs object to Defendants' request to recover the costs of three court hearings. Generally, costs of transcripts of hearings are taxable if they were "necessarily obtained" for use in the case. *See, e.g., Oldham v. Thomson/Center Arms Co., Inc.*, 2014 WL 1794861, *5 (S.D. Tex. May 5, 2014) (citing *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983)). Two of the hearings – one held on May 29, 2013, and the other held on June 7, 2013 – involved hotly contested discovery disputes. Defendants have adequately demonstrated that copies of the transcripts of these hearings were necessarily obtained for use in the case

---

[1]     Defendants agreed to waive costs for an expedited transcript of Meredith's deposition.

in order to ensure compliance by all parties with the Court's discovery rulings at the hearings. The need for the third hearing transcript, however, is not adequately supported by the record. The "Bill of Costs Itemization" attached as Exhibit 1 to the Bill of Costs, identifies this transcript as "Transcript of May 21, 2013 Proceeding." The exhibit supporting this item, however, identifies the "event date" as May 22, 2013. The docket sheet for this case does not reflect a hearing on either of these two dates. Consequently, the Court denies Defendants request for $19.20 for a copy of this transcript.

The Court concludes that Defendants request for transcript costs should be reduced by $708.00 for cancellation fees, by $1,647.02 for charges for expediting the transcripts of the Meredith and Thomas depositions, and by $19.20 for a transcript of "May 21, 2013 Proceedings." The Court awards taxable costs in the amount of $22,862.87 for transcripts.

## B.   Copying Expenses

Defendants seek to recover copying expenses in the amount of $5,692.20. Plaintiffs contest Defendants' request, asserting that it lacks sufficient detail to support the amount sought. "Although an item-by-item description is not required, some information of the types or categories of documents copied and the reason for the copies must be furnished." *Crevier-Gerukos v. Eisai, Inc.*, 2014 WL 108730, * 6

(S.D. Tex. Jan. 9, 2014) (Rosenthal, J.). The Court has carefully reviewed the copying charges as reflected in the Bill of Costs and as explained in the affidavit of Defendants' attorney attached to the Response to Plaintiffs' Objections. While the amount of copying expenses seems large, the case involved multiple Plaintiffs and was aggressively litigated by both sides. The Court finds the copying expenses to be adequately explained and fully justified as necessary to the litigation. As a result, the Court awards taxable copying costs in the amount of $5,692.20.

### C.    Other Requested Costs

Defendants originally sought to recover the cost of postage ($746.98), attorney travel expenses ($1,805.32), and "business meals" ($159.52), but have abandoned their claim for these costs.[2] These elements are not recoverable costs under § 1920. *See Oldham*, 2014 WL 1794861 at *4 (postage); *Herkner v. Argo-Tech Corp.*, 2008 WL 2838115, *5 (S.D. Tex. July 21, 2008) (postage, travel expenses and attorney meals). The Court denies these elements of Defendants' Bill of Costs.

## III.    CONCLUSION AND ORDER

---

[2]    Plaintiffs in their Objections and Defendants in their Response refer to the delivery and postage costs as $190.48. The affidavit of defense counsel filed in support of the Bill of Costs, however, identifies the requested delivery and postage costs as $746.98. *See* Affidavit of Marlene C. Williams, attached to Bill of Costs, p. 3.

Based on the foregoing, the Court taxes costs in the amount of $22,862.87 for transcripts and in the amount of $5,692.20 for copying expenses.  Accordingly, it is hereby

**ORDERED** that taxable costs in the amount of **$28,555.07** are assessed against Plaintiffs.

SIGNED at Houston, Texas, this **9th** day of **July, 2014**.

Nancy F. Atlas
United States District Judge